IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 1:05-cr-00033-MP-AK

MARK KIRKSEY,

    Defendant.
_____/

## **O R D E R**

This matter is before the Court on Doc. 276, Motion to Withdraw Plea of Guilty, filed by Defendant Mark Kirksey.  On August 23, 2005, Defendant Kirksey was charged in the Northern District of Florida with one count of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine and more than fifty grams of cocaine base.  On March 14, 2006, Defendant entered into a plea and cooperation agreement with the Government, which the Court accepted.  Defendant Mark Kirksey has now filed a motion to withdraw his guilty plea and to strike the plea agreement.  Doc. 276.  The Government has filed a response in opposition to the motion.  Doc. 280.  An evidentiary hearing on this matter was held on Thursday, August 2, 2007.  After considering the matter, the Court finds that Defendant Kirksey has not shown a legal basis to justify or permit the granting of the relief sought.  Therefore, for the following reasons, Defendant's Motion to Withdraw Plea of Guilty is denied.

In his motion, Defendant Kirksey alleges that he was led to believe by counsel's representations that if he pled guilty to the charges, then the Government would file a substantial assistance motion under §5K1.1 of the Federal Sentencing Guidelines ("5K1") in exchange for his plea and prior assistance.  Defendant was further informed by counsel that the Government was pleased with the assistance that Defendant had provided, but to qualify for the substantial

assistance motion, Defendant would first have to plead guilty to the crime charged. After Defendant entered a plea of guilty pursuant to the plea agreement, the Assistant United States Attorney found that Defendant's cooperation was insufficient to receive a substantial assistance motion. Defendant claims that he should be allowed to withdraw his plea of guilty and to strike the plea agreement because he reasonably relied upon the advice and the information communicated to him by his attorney, which induced him to enter a plea of guilty.

Defendant Mark Kirksey and his former attorney, Jon Uman, testified at the evidentiary hearing. Defendant Kirksey testified that he had only a sixth-grade education and could not read the English language, including the plea agreement dated March 13, 2006. The Court, however, finds that the Defendant, despite his stated limitations, fully understood the terms of his plea agreement. All documents were fully explained to Defendant Kirksey by his attorney, and the Court went over the essential parts of the plea agreement with Defendant during the plea colloquy. Doc. 289, Ex.2. While Defendant may have relied on advice that turned out to be incorrect, he nevertheless had the close assistance of counsel, and knowingly and voluntarily entered his plea of guilty.

Defendant stated that immediately prior to the change of plea hearing on March 14, 2006, he met with his attorney, Jon Uman, and discussed the possibility of the Government filing a substantial assistance motion pursuant to 5K1 of the sentencing guidelines. Defendant alleges that Mr. Uman told him that in order to receive a substantial assistance motion, he would first have to enter a plea of guilty. At the evidentiary hearing, Defendant testified that it was his "understanding I would get a 5K1 if I pled guilty," and that Jon Uman had told him that "I had did enough [to get a 5K1] and that he had talked to the prosecution." Mr. Kirksey said that he

had talked with Andy Gillis, the DEA task force officer and case agent, about the Government filing a 5K1, and was told that he "had to please [Assistant United States Attorney] Corey Smith to get one; had to make him happy." Defendant further stated that "no one from the Government told me that I had earned a 5K1," although he said that "[Mr. Uman] said that I had done enough to earn one." Mr. Kirksey also said that he "did not disclose this to the Judge [at the plea hearing], relying on my attorney."

Jon Uman, former attorney for Defendant, said that the decision to plead guilty was made only after conversations with Case Agent Andy Gillis and Assistant United States Attorney Gregg McMahon. Mr. Uman testified that Agent Gillis told him that he was "satisfied with Defendant's cooperation, but did not promise me a 5K1." Mr. McMahon said that he possessed no information to suggest that Assistant United States Attorney Smith was not satisfied with the Defendant's cooperation, but that "this is Corey Smith's case." Mr. Uman then contacted Corey Smith about the upcoming change of plea and asked him if he "had any reason why [Defendant Kirksey] did not qualify for a 5K1," to which Mr. Smith replied that the policy of the Government is "not to consider that until after the plea." Mr. Uman stated that he then attempted to inform Mr. Smith of the Defendant's cooperation, but that Corey Smith "was adamant that he would not consider a 5K1 until after the plea." After this, Mr. Uman then had several telephone conversations with the Defendant, and met with him in person, telling the Defendant, "I believe you have completed your cooperation; that McMahon and Gillis were happy, but that Smith would not consider any 5K1 until after the plea was entered."

Stated another way, Mr. Uman told Defendant Kirksey that he would not be considered for a 5K1 until he entered plea of guilty–that he had to change his plea to get a 5K1. When

questioned as to why he did not inform the Court at the plea colloquy about this, Mr. Uman said "I did not tell the judge any contrary promise had been made" because "no one promised [Defendant] a 5K1." On cross examination, Mr. Uman said, "I never told the Defendant that a 5K1 was a done deal, or that he was promised one," and that he did tell the Defendant that "[t]he Government would not consider a 5K1 until after he pled.  I told the defendant to plea, and he relied on me."  Therefore, the central issue in this matter is whether the advice of counsel that Defendant would have to enter a plea of guilty in order to be considered for a 5K1 motion establishes a fair and just reason for withdrawal of the guilty plea.

Once a defendant enters a plea of guilty, the decision whether to allow the withdrawal of a plea rests with the Court.  Under Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, a defendant may withdraw a plea of guilty after the court accepts the plea, but before it imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal." FED.R.CRIM P. 11(d)(2)(B).  The burden rests on a defendant to show a "fair and just reason" for the withdrawal of the plea.  "It is well settled, however, that there is no absolute right to withdraw a guilty plea prior to imposition of a sentence. The decision to allow withdrawal is left to the sound discretion of the trial court." United States v. Buckles, 843 F.2d 469, 471 (11th Cir.1988).  In determining whether a defendant has met this burden, the Court considers the totality of the circumstances surrounding the plea.  Factors analyzed include (1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the Government would be prejudiced if the defendant were allowed to withdraw his plea. Id.

It should be noted that we would not be at the current stage of this case–considering a

request to withdraw a guilty plea–if the Defendant had told the Court that he was pleading guilty because he believed–and his attorney had told him–that he had cooperated enough to get a 5K1, and that the only way to get a substantial assistance motion was to plead guilty.  At the plea colloquy, Mr. Kirksey was specifically asked by the Court if anyone made any promise to him, not included in the plea agreement itself, that induced him to plead guilty; if the plea agreement actually contained every promise and understanding reached with the Government; and if there were any secret or undisclosed promises or inducements that led him to plead guilty. Furthermore, the Court explained to Defendant that these questions meant that neither the Government, his lawyer, or any other person had told him anything, or promised him anything, that was contrary to the written terms of the agreement or was in addition to the written terms of the agreement, that any way induced him or led him to plead guilty.  After this explanation, Defendant answered "no" as to each inquiry.

    Defendant now argues that his answers to these questions are not correct.  There is a strong presumption that a defendant's acknowledgment during the plea colloquy of his understanding and his statements as to his communications with his attorney are true.  <u>United States v. Medlock</u>, 12 F.3d 185, 187 (11th Cir.1994).  Thus, a defendant bears a heavy burden to show that his statements were false.  <u>United States v. Rogers</u>, 848 F.2d. 166, 168 (11th Cir.1988).  Defendant contends that he had been led to believe, not by the Government, but by his former attorney, that he would receive a 5K1 if he pled guilty.  Defendant's former attorney, Mr. Uman, agrees with this claim.  Mr. Uman was asked by the Court if he could "assure this Court that insofar as you know, there have been no promises, assurances or understandings been given the Defendant as to the disposition of his case which are in any way different or contrary

to what I have discussed with him and that we have now made a matter of record here in open court?"  Mr. Uman answered, "I do so assure the court."

The Defendant also argues that the Government, by insisting that the he plead guilty before it would consider the question of a substantial assistance request, violated his constitutional right to a trial by jury.  This cannot be so.  A defendant is entitled to go to trial or to plead guilty.[1]  That is his only option.  He cannot insist that the Government enter into any plea deal with him.  But if the Government does, it must live up to that agreement.  The Defendant was told by the Court that he did not have to plead guilty, but was entitled to go to trial and have the Government prove his guilt by a standard  known as "proof beyond a reasonable doubt."  Mr. Kirksey was further advised that if he did plead guilty, he was giving up this right.  Defendant acknowledged that he understood this, and that he still wanted to plead guilty.

The rights and obligations of the parties, both the Government and the Defendant, are governed by the terms of the written plea agreement.  Neither can insist on more.  See In re Arnett, 804 F.2d 1200, 1202-03 (11th Cir.1986); United States v. Taylor, 77 F.3d 368, 370 (11th Cir.1996).  The Defendant can require the Government to live up to, and comply with, all of the terms and conditions of the written plea agreement.  But should the Defendant's hopes of receiving a 5K1 not be met at time of sentencing, he cannot then insist or require this Court to re-write or to abandon the agreement when its terms are clear and unambiguous.  In this case, the Government did not promise, either orally or in writing, to give the Defendant a substantial assistance motion.  Also, Defendant's reliance on the opinion of his attorney that he would

---

[1] The court does not here consider a *nolo contendre* plea.

receive a substantial assistance motion does not constitute a ground to withdraw from the agreement if that opinion does not come to fruition, even if he relied on that opinion in his decision to plead guilty.  An attorney is bound to give his client the best advice, but his advice is not a guarantee.  The attorney's opinion turned out to be incorrect in this case, but the fact that it is incorrect does not rise to the level of being ineffective assistance of counsel.

Moreover, the opinion or statement of a defense lawyer, made directly to his client prior to entry of a guilty plea, that he "believed that [the Defendant] had done enough to earn a 5K1" but "had to plea" to get one, does not provide a sufficient legal reason to allow Defendant to withdraw his guilty plea when a substantial assistance motion turns out not to be forthcoming. When, as in this case, the statement of the defense attorney was strictly his opinion, and the client was directly told by the defense attorney that the Government had not promised Defendant one, such opinion does not create a legal basis to justify or permit the granting of the relief sought.  Therefore, after considering the matter, the Court denies Defendant's motion. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Defendant Mark Kirksey's Motion to Withdraw Plea of Guilty, Doc. 276, is denied.

2. Sentencing is set for Friday, September 14, 2007, at 10:00 a.m.

**DONE AND ORDERED** this   *4th* day of September, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge