IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

v.                                              CASE NO. 1:05-cr-00033-MP-GRJ

MARK KIRKSEY,
_____/

### REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 341, an amended motion to vacate pursuant to 28 U.S.C. § 2255.  Defendant contends that his trial counsel rendered ineffective assistance by inducing him to plead guilty by leading him to believe that the government would file a substantial assistance motion.  (Doc. 341.)  The Government has filed a response in opposition.  (Doc. 347.)  Petitioner did not file a reply despite being granted an extension of time to do so.  (Doc. 353.)  For the following reasons, the undersigned recommends that the motion to vacate be denied.

### Background

On March 14, 2006, Defendant pleaded guilty to one count of conspiracy to manufacture, distribute, and possess with intent to manufacture and distribute controlled substances, specifically, more than 5 kilograms of cocaine and more than 50 grams of a substance containing cocaine base, in violation of  21 U.S.C. §§ 841(b)(1)(A)(ii), 841(b)(1)(A)(iii), and 846.  (Docs. 82, 160.)  On May 25, 2006, after learning that the Government would not be filing a substantial assistance motion in his case, Defendant filed a motion to withdraw his guilty plea.  (Doc. 276.)  Defendant alleged that counsel led him to believe that if he pled guilty, the Government would file a substantial assistance motion.  An evidentiary hearing was held on the matter and the

district court entered a written order on September 4, 2007 denying the motion. (Doc. 292.)  At the subsequent sentencing hearing, the Government did not file a substantial assistance motion, and the district court sentenced Defendant to the mandatory minimum life imprisonment, followed by 10 years of supervised release. (Doc. 294.) The Eleventh Circuit affirmed the denial of the motion to withdraw the guilty plea, finding no abuse of discretion in the district's court's finding that Defendant "pled guilty knowingly and voluntarily and with the benefit of close counsel." (Doc. 329.)

### Ineffective Assistance of Counsel

Because Defendant raises the issue of counsel's effectiveness, a review of *Strickland v. Washington*, 466 U.S. 668 (1984), is appropriate. To prevail on a constitutional claim of ineffective assistance of counsel, a defendant must demonstrate (1) that his counsel's performance was below an objective and reasonable professional norm, and (2) that he was prejudiced by this inadequacy. *Strickland*, 466 U.S. at 686. The court may dispose of the claim if a defendant fails to carry his burden of proof on either the performance or the prejudice prong. *Id*. at 697.  The court need not address the adequacy of counsel's performance when a defendant fails to make a sufficient showing of prejudice. *Id.; Tafero v. Wainright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

With regard to the performance prong of *Strickland*, a defendant must provide factual support for his contentions that counsel's performance was constitutionally deficient. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir. 1987). The court must consider counsel's performance in light of all of the circumstances at that time and indulge in a strong presumption that counsel's conduct fell within the wide range of reasonably professional assistance. *Strickland*, 466 U.S. at 689-90. To show counsel's

performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take." *Grayson v. Thompson*, 257 F.3d 1194, 1216 (11th Cir. 2001) (emphasis omitted).

To show prejudice, a defendant must show more than simply that counsel's unreasonable conduct might have had "some conceivable effect on the outcome of the proceeding." *Strickland*, 466 U.S. at 693. Instead, a defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A "reasonable probability is defined as a probability sufficient to undermine confidence in the outcome." *Id*.

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler*, 218 F.3d at 1313 (11th Cir. 2000).

## Discussion

Defendant contends that trial counsel was ineffective by misleading Defendant to believe that the Government would file a substantial assistance motion if he pleaded guilty. (Doc. 341.) However, Defendant's claim is contradicted by the written plea agreement, sworn statements at his rearraignment, and testimony presented at the evidentiary hearing in the motion to withdraw plea.

Defendant's written plea and cooperation agreement indicated that Defendant faced a mandatory life sentence and agreed to cooperate with the Government. It contained language stating that Defendant, "regardless of cooperation, and at the sole discretion of the United States Attorney, may be deemed not to have provided substantial assistance" and that "adverse rulings, or a sentence greater than anticipated

shall not be grounds for withdrawal" of the plea. (Doc. 82.)

At Defendant's rearraignment, the district court advised him of his right not to plead guilty, the rights he would give up by pleading guilty, and the facts the government would prove at trial. (Doc. 160.) Defendant was warned that he faced a mandatory life sentence due to his six prior qualifying convictions:

> THE COURT: But do you understand, Mr. Kirksey, that if your guilty plea is accepted by the Court, that you do face a mandatory life imprisonment?
>
> THE DEFENDANT: Yes, sir.

(*Id.* at 11.)

Defendant told the district court that at the time he signed the plea agreement he fully understood all of its terms and conditions. (*Id.* at 14.) The court advised Defendant even if the Government filed a substantial assistance motion, it did not mean that he would sentence Defendant below the mandatory minimum. (*Id.* at 18.) Defendant told the court he understood. (*Id.* at 19.) The court established that Defendant had not been made any promises other than those in the plea agreement:

> THE COURT: And by that, Mr. Kirksey, I mean neither your lawyer, the government or any other person has told you anything or has promised you anything that is contrary to the written terms of this agreement or is in addition to the written terms of this agreement that has in any way induced you or led you to plead guilty to this charge?
>
> THE DEFENDANT: No, sir.

(*Id.* at 21.) The district court also received testimony from trial counsel that he had made no promises to Defendant. (*Id.* at 22-23.)

At the evidentiary hearing on his motion to withdraw plea, Defendant testified that he could not read, including the plea agreement. Defendant testified that he met with trial counsel immediately prior to the change of plea hearing and was told that in

order to receive a substantial assistance motion, he would have to plead guilty. Furthermore, Defendant alleged, trial counsel told him that the Government was "pleased" with his cooperation and that if he pleaded guilty, the Government would file a substantial assistance motion. (Doc. 309.) Trial counsel, Jon Uman, testified that he told Defendant that he believed the Government was happy with Defendant's cooperation, but that no substantial assistance motion would be considered until a plea was entered. Mr. Uman denied telling Defendant that it was a sure thing; to the contrary, he testified: "I counseled [Defendant] that the government has not promised you a 5K1 and I am not promising you a 5K1." (*Id.* at 53.) Mr. Uman also testified that he read aloud and discussed every paragraph of the plea agreement. (*Id.*)

The record clearly refutes Defendant's allegation that he relied on a promise from counsel of a substantial assistance motion in entering his guilty plea, and Defendant cannot establish deficient performance. *See, e.g., United States v. Cao,* 2010 WL 5092260, *10 (N.D. Fla. Nov. 12, 2010) ("[A] defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings"). Defendant's motion is due to be denied without an evidentiary hearing. *See* 28 U.S.C. § 2255(b) (denying the need for an evidentiary hearing where "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

## Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the amended motion to vacate, Doc. 341, be **DENIED** and that a certificate

of appealability be **DENIED.**

      **IN CHAMBERS** this 8th day of March 2012.

                                  *s/ Gary R. Jones*
                                  GARY R. JONES
                                  United States Magistrate Judge

**NOTICE TO THE PARTIES**

      Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.